FILED
United States Court of Appeals
Tenth Circuit

August 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID COLEMAN,

      Petitioner-Appellant,

v.

AL ESTEP; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1243
(D.C. No. 1:08-CV-00427-WDM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

David Coleman, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. Because Coleman has not made a substantial showing of the denial of a

constitutional right, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Coleman proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Following a jury trial, Coleman was convicted in Colorado state court of first degree murder, aggravated robbery, conspiracy to commit aggravated robbery, possession of a deadly weapon, felony murder, and two counts of menacing.[2] His convictions were affirmed on direct appeal. Coleman subsequently filed a motion seeking state post-conviction relief under Colorado Rule of Criminal Procedure 35(c), which was denied. After that denial was affirmed on appeal, Coleman filed a § 2254 in federal district court asserting seven claims for relief. The district court denied the petition and did not grant a COA.

A petitioner may not appeal the denial of relief under § 2254 petition without a COA. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Coleman to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Coleman advances three arguments on appeal. First, he claims he was denied the right to testify and his counsel was ineffective for failing to raise this challenge on direct appeal. Coleman's contention is based on the trial court's refusal to rule on the voluntariness of suppressed statements, allegedly preventing Coleman from knowingly deciding whether to testify. But we may grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable

---

[2] The felony murder conviction was later vacated.

application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Coleman has failed to identify any cases clearly establishing that a trial court's failure to decide in advance whether suppressed statements were voluntary violates a defendant's right to testify, nor have we found any such case in our independent research. Habeas relief is thus not available on this basis.

Further, the district court found that Coleman had not presented his ineffective assistance of counsel claim to the Colorado Court of Appeals, and thus not exhausted his state remedies on that claim. Because Coleman has not demonstrated that he exhausted his state remedies nor coherently argued that exhaustion would be futile, we may not grant relief on this basis. See § 2254(b)(1).

Second, Coleman argues that the jury instructions violated his right to a jury trial because they stated the prosecution must fail to prove every element of the crime for him to be acquitted. Under the due process clause, "[t]he prosecution bears the burden of proving all elements of the offense charged." Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993). We must consider jury instructions in context and, when addressing an ambiguous instruction, consider "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. Boyde v. California, 494 U.S. 370, 378, 380 (1990). A reference to the burden of proof was included in the jury instructions for each count, providing, "After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the defendant not guilty . . . ." Although it is possible to parse this instruction as Coleman does, such a reading is unnatural. Further, the jury

was separately instructed, "If you find from the evidence that the [prosecution has] failed to prove any one or more of the elements of any count beyond a reasonable doubt, you will find the defendant not guilty as to that count," and, "The burden of proof is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crime charged." These instructions unequivocally allocate the burden of proof on every element to the prosecution. The challenged instruction therefore does not violate due process.

Finally, Coleman argues that his due process rights were violated because the trial court erred in denying his motion to disqualify the trial judge. A defendant has the right to be tried by a judge with no actual bias against him or interest in the outcome of the case. See Bracy v. Gramley, 520 U.S. 899, 905-06 (1997). But the record does not contain evidence that the trial court judge was biased. Coleman's argument rests entirely on the trial judge's decision to increase security measures in the courtroom after he simultaneously received reports that Coleman made threatening statements regarding the judge to a guard and that a break-in had occurred at his home. Given the circumstances, the increased security reflects a legitimate concern, not bias.

For the foregoing reasons, we **DENY** the request for a COA and **DISMISS** the appeal. We **GRANT** the motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 4 -