**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARY GILBERT SALAZAR,

     Petitioner - Appellant,

v.

STEVEN GREEN; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,

     Respondents - Appellees.

No. 16-1358
(D.C. No. 1:16-CV-00935-LTB)
(D. Colo.)

_____

**ORDER**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on the appellant's petition for panel and en banc rehearing. _See_ Fed. R. App. P. 35 and 40. Upon consideration, the request for panel rehearing is granted in part and for the limited purpose of amending one sentence of the Order issued originally on January 13, 2017. The amended Order Denying Certificate of Appealability is attached to this order. The clerk is directed to file the amended decision effective the date of this order.

In addition, the petition was circulated to all the judges of the court who are in regular active service. As no judge on the original panel and no judge in regular active service requested that the court be polled, the request for en banc rehearing is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

January 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARY GILBERT SALAZAR,

     Petitioner - Appellant,

v.

STEVEN GREEN; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,

     Respondents - Appellees.

No. 16-1358
(D.C. No. 1:16-CV-00935-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Gary Salazar, a state prisoner proceeding pro se, seeks a certificate of
appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.
§ 2254 petition.  We deny a COA and dismiss the appeal.

**I**

Following a jury trial, Salazar was convicted in Colorado state court of
conspiracy to commit first-degree murder, two counts of felony menacing, and
possession of a weapon by a previous offender.  On direct appeal, the Colorado Court
of Appeals affirmed Salazar's convictions but remanded for resentencing.  After

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resentencing, Salazar unsuccessfully sought state post-conviction relief under Colo. R. Crim. P. 35(c). The Colorado Court of Appeals affirmed the denial of state post-conviction relief, and the Colorado Supreme Court denied his petition for a writ of certiorari.

Salazar then filed a § 2254 habeas petition in the U.S. District Court for the District of Colorado. The district court dismissed all but one of Salazar's claims as procedurally defaulted and denied the remaining claim on the merits. It declined to issue a COA. Salazar now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, Salazar must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a district court denies a § 2254 petition on procedural grounds, a petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his properly exhausted claim, Salazar argues that trial counsel was ineffective for failing to object to jury instructions. Specifically, he contends counsel should have objected to the conspiracy instruction on two grounds: (1) it omitted an overt act element; and (2) it improperly shifted the burden of proof to the defense by directing the jury to enter a not guilty verdict if it found that the government had

2

failed to prove "each of the elements" rather than "any one or more" of the elements of the offense. To obtain habeas relief on this claim, Salazar must show that the state courts' adjudication was either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1), (2).

A petitioner claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Colorado Court of Appeals applied the Strickland standard and held that Salazar had not established prejudice. We conclude this determination was reasonable. See Harrington v. Richter, 562 U.S. 86, 103 (2011) (to obtain § 2254 relief, a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). Although the conspiracy instruction omitted the overt act element, it was undisputed that an overt act was committed: Salazar himself testified that his cousin shot at the victim's car. We further agree with the state court that the jury was not misled by the conspiracy instruction's use of the phrase "each of the elements," because the general instruction on burden of proof

3

directed the jury to find Salazar not guilty if the prosecution "failed to prove any one or more" of the elements beyond a reasonable doubt. See Coleman v. Estep, 391 F. App'x 697, 699 (10th Cir. 2010) (unpublished) (holding that jury instructions containing the "each of the elements" language did not violate due process because jury instructions, taken together, properly allocated the burden of proof on every element to the prosecution).

Salazar challenges the district court's conclusion that his due process claim is procedurally defaulted as well. In that claim, Salazar argues the foregoing jury instruction issues violated his right to due process. We agree with the district court that Salazar did not fairly present this claim to the state courts as a freestanding due process claim. See Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006) ("Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim." (quotation omitted)). Because Salazar's due process claim would now be procedurally barred in state court, see Colo. R. Crim. P. 35(c)(3)(VII), it is procedurally defaulted. Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000).

We may excuse procedural default if a "petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted). Salazar has not shown that our failure to review his due process claim will result in a fundamental miscarriage of justice. And, although ineffective assistance of counsel based on counsel's failure to raise an issue can constitute cause and prejudice, Edwards v. Carpenter, 529 U.S.

4

446, 451 (2000), the jury in this case was not misled regarding the burden of proof, and the commission of an overt act was undisputed.  Accordingly, Salazar has not established cause and prejudice resulting from the ineffective assistance and is therefore unable to overcome procedural default.

## III

For the foregoing reasons, we **DENY** Salazar's request for a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge
